PEARL HOWE, BY FRANK HOWE, HER NEXT FRIEND, PLAINTIFF IN ERROR. v. NORTHERN RAILROAD COMPANY OF NEW JERSEY. A CORPORATION, AND ERIE RAILROAD COMPANY, A CORPORATION, DEFENDANTS IN ERROR.

Submitted December 3, 1909—Decided June 20, 1910.

In an action against a railroad company for damages sustained by a traveler at a highway crossing, in which action the negligence of the company is predicated upon its failure to give the statutory signals of the approach of a train, the burden of proving that such signals were not given is on the plaintiff.

---

On error to the Supreme Court.

For the plaintiff in error, *Mackay & Mackay.*

For the defendants in error, *Collins & Corbin.*

The opinion of the court was delivered by

PARKER, J.   The plaintiff, a young girl of eleven years of age, was injured by being struck by a train of the defendant the Erie Railroad Company at a highway crossing in Cresskill, Bergen county.

At that point the railroad was a double track line, the tracks running approximately north and south, and the highway on which the plaintiff was walking or standing at the time she was injured running at right angles, or nearly so, with the railroad.   To the east of the railroad tracks and to the south of the highway was the Cresskill station of the defendant company, and at the time of the accident a northbound train of the defendant, which was not scheduled to stop at Cresskill, was, nevertheless, standing at the station and across the road, entirely preventing any crossing of the railroad tracks.   It appeared that this northbound train had been stopped on account of some minor accident relating to the locomotive or running gear of the train, the engine was blowing off steam and there were other noises in connection with the standing train.   The plaintiff came from the west toward the east, and desiring to cross the railroad tracks found her passage blocked and was standing there close to the nearer or southbound track when she was struck by the pilot or some other part of the locomotive of a southbound train, sustaining injuries on account of which the action was brought.   After hearing the plaintiff's evidence the trial court directed a nonsuit, and the judgment entered thereon has been brought up by this writ of error.

The declaration charged—*first,* negligence of the defendant in failing to provide extra safeguards at the crossing against unusual dangers claimed to exist at that point; *secondly,* negligence in running the southbound train over the crossing and past the station while the northbound train was standing there; *thirdly,* negligence in failing to warn and protect persons using the crossing, and especially the plaintiff, against the approach of the southbound train while the

northbound train was in the station, and finally, in the failure of its servants in charge of operating the southbound train to give the statutory signals by bell or whistle.

With respect to the first ground of negligence an attempt was made on the trial to show that there were obstructions to the view of the track toward the north by a person approaching on the street from the west, but if anything was shown in this regard, there was total absence of proof that the railroad was in any way responsible for the conditions.

As to the second and third grounds of negligence, we know of no rule of law that justifies an inference of negligence on the part of a railroad as to a foot passenger on a highway crossing the same, because while one of its trains has been blocking the train on the further track, another is allowed to pass on the nearer track.

There remained but the one question of the omission of statutory signals. This being the specific negligence complained of as a basis of recovery, the burden was on the plaintiff to prove it as part of her principal case. *Hubbard v. Boston and Albany Railroad Co., 159 Mass.* 320. This burden is regularly assumed by plaintiffs in the trial of this class of cases in this state, and this burden the plaintiff in the present case undertook to bear. Conceding that there was proof sufficient to justify the jury in finding that the signals by whistle were not given, the question whether there was a failure to ring the bell still remained. On this point there is the testimony of only two witnesses. The first of these, Elmer Van Buskirk, testified that he was close to the child when the locomotive struck her.

"*Q.* Did that locomotive that struck her ring a bell or blow a whistle?

"*A.* That is hard to determine; I don't think it did.

"*Q.* You don't think it did?

"*A.* No, because the other train——

"*Q.* I just asked you whether it did or not; before that locomotive did strike her, was there another train at the crossing or not?

"*A.* Yes."

On cross-examination (page 29) his testimony was as follows:

"*Q.* When this train came down and struck this little girl, you say that you did not hear a bell ringing or a whistle blown; did you hear it coming; you said it didn't blow a whistle; did it ring any bell?

"Mr. Hobart—That you heard.

"*A.* Not that I heard—that is, on the down train.

"*Q.* I am speaking about the down train, to New York."

The other witness was Philip Flotard, who testified on this subject as follows (page 50, line 23):

"*Q.* Did you hear that train ring a bell or blow a whistle?

"*A.* I guess it was all ringing; both trains ringing.

"*Q.* Do you know?

"*A.* Well, there was bells ringing, no doubt.

"*Q.* You heard bells ringing?

"*A.* Yes.

"*Q.* Do you know what bells; was it on the express or on the other one?

"*A.* I guess the express bell was ringing, too.

"*Q.* You guess so; do you know?

"*A.* I couldn't tell exactly; I didn't hear how many bells, but all the bells were ringing; the crossing bells were ringing.

"*Q.* (By Mr. Hobart.) All the bells were ringing?

"*A.* Yes, sir."

There was considerable further evidence in the case tending to show that the escaping steam from the standing train made a great deal of noise and interfered materially with the hearing of any sound from the southbound train. These extracts constitute all the evidence that we can find on the subject of the giving of statutory signals by the latter train, and, in our judgment, it not only fails to raise any jury question whether the duty of ringing the bell was disregarded, but so far as it goes it tends to show that that duty was performed. As we view the evidence, therefore, there was an entire failure of proof of negligence on the part of the railroad company. The nonsuit was therefore properly ordered on the ground

that no negligence of the defendant had been shown. This renders it unnecessary to discuss the question of contributory negligence that was argued before us.

The judgment will be affirmed.

*For affirmance*—The CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, VOORHEES, VROOM, GRAY, DILL, JJ. 10.

*For reversal*—SWAYZE, MINTURN, BOGERT, CONGDON, JJ. 4.